CADIERNO BROTHERS, LTD., PLAINTIFFS AND APPELLANTS, *v.* SUÁREZ & CO., LTD., DEFENDANTS AND RESPONDENTS.

APPEAL from the District Court of San Juan, Section 1.

No. 966.—Decided November 4, 1913.

QUASI CONTRACT—MANAGEMENT OF ANOTHER'S BUSINESS—LIQUIDATION OF PARTNERSHIP—CONTINUATION OF PARTNERSHIP AFTER DEATH OF PARTNERS—LIABILITY OF HEIRS.—When, as in the case at bar, the members of a partnership die and an employe having an interest in the business continues the same in the name of the partnership without liquidating the same and there is no intervention of the heirs of the deceased partners or any ratification by them of the acts of the employe, such acts of said employe do not constitute a *quasi* contract for the management of another's business or make the said heirs liable for the debts contracted by the said employe in the name of the partnership, especially when, as in the present case, it is not shown that the said heirs received any benefit whatever or that, the assets of the partnership at the time of the death of the partners were insufficient to meet their obligations then outstanding. As a matter of fact, said obligations were paid by the said employe who obtained further credit and contracted new debts.

ID. — RATIFICATION — MANAGEMENT OF ANOTHER'S BUSINESS — LIQUIDATION OF PARTNERSHIP.—The failure of the heirs of the deceased members of the defendant partnership to intervene and attempt a liquidation of the partnership does not amount to a ratification of the continuance of the business after the death of all of said members by an employe having an interest, therein, nor is the mere fact that one of the heirs of the said members was an employe of the person who continued the business of said partnership an act of such intervention or ratification.

The facts are stated in the opinion.

*Mr. Juan de Guzmán Benítez* for appellants.

*Messrs. H. H. Scoville* and *Enrique Rincón* for respondents.

MR. JUSTICE WOLF delivered the opinion of the court.

In 1898 the firm of Suárez & Company was formed in Loíza for a term of four years which expired on August 25, 1902, Manuel Suárez Castrillón being a silent partner, Marcelino Suárez González, managing partner, and José Suárez González, an employe, having an interest in the business.

After the expiration of the term fixed by the partnership agreement, the business went on in the same way without any liquidation between the partners for about two years more, and then on August 3, 1904, Manuel Suárez Castrillón, the silent partner, died. After the death of the silent partner, Marcelino Suárez González continued the business in the same way as before and he in turn died on the 12th of September, 1905.

From that date on José Suárez González, the employe, kept on with the business in the same way as it had been carried on before. He died on February 10, 1909, on which date the stock of the firm was seized on account of the claim made in this suit.

The complainants here are the owners on their own account of a small claim and are also the assignees of a number of other claims, the total sum amounting to more than $6,000.

The appellees are the heirs of, or form the succession of, Manuel Suárez Castrillón and Marcelino Suárez González, the original partners. They alleged in their answers that as the debts, the object of the claims of the complainants, were all contradicted by José Suárez González, the employe who had an interest in the firm, the said heirs were not responsible. The heirs of the employe, José Suárez González, were also joined in the suit. The court found against such last-named heirs and absolved the heirs or successions of the original partners. The complainants appealed from the latter part of the judgment.

At the time of the death of Suárez Castrillón, the silent partner, $1,640 was owing to creditors. At the time of the death of Marcelino Suárez González, the managing partner, about $2,803.86 was owing to various creditors. But at the time of the death of José Suárez González, the amount owed to creditors was $6,897. All the accounts of the various creditors show continual credits and charges and some of them even balances after the death of the managing partner in 1905.

The sum of the individual amounts credited to each creditor, was more than enough long before the death of José Suárez González, the employe, to wipe out the debts shown to be owing at the time of the death of the said managing partner. The court below found that all the debts were contracted after the death of the managing partner and that hence José Suárez González was alone responsible. It was not shown there was a liquidation of any kind, nor that the heirs of either of the original partners received the slightest benefit from the continuance of the operations by José Suárez González, nor yet that the acts of the last-named were ratified by the heirs of the partners as ratification could be understood at law.

We may observe at this point that although Manuel Suárez González was an heir of one of the partners, the mere fact that he was an employe of José Suárez González is not an act of ratification or an intervention by the heirs of the partners in the affairs of the business conducted after 1905 by José Suárez González. There is proof that he was nothing but the employe of José Suárez González. Nor is there any ratification in the failure of heirs to intervene and attempt a liquidation of the estate.

Appellants, if we follow them, are relying on the *quasi* contract mentioned in section 1788 of the Civil Code, which provides:

"Section 1788.—*Quasi* contracts are licit and purely voluntary acts by which the author thereof becomes obligated with regard to a

third person, and, sometimes, by which there results a reciprocal obligation between the parties concerned.''

But without ratification or intervention on the part of the heirs of the partners the only person who intervened in the affairs of others was José Suárez González.

The principal contention of the appellants we take it is that the accounts of the original firm of Suárez & Company were never liquidated and that they were continuous as to creditors and third persons. In other words, that the accounts were begun by the firm, continued by the firm after its legal dissolution and continued without cease by José Suárez González. The salient facts, however, remain that the accounts, as they stood at the death of either partner, were more than discharged by the amounts paid by José Suárez González after 1905 and that such payments were suffered by the creditors and additional credits given. The additional credits were given to José Suárez González trading as Suárez & Company and not to the dead partners, nor to their successions. The contracts of goods sold and delivered were with a live person. It might be that the creditors having claims against José Suárez González could be subrogated to the claims he might have had against the dead partners or their successions. But there is no attempt here to prove that at the time of the death of the managing partner the assets of the firm did not exceed the liabilities. There is nothing to show that whatever deficit existed was not produced by the acts of José Suárez González himself.

The judgment must be affirmed.

*Affirmed*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice MacLeary took no part in this decision.